**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**



**WILLIAM J. MARTINI**
**JUDGE**

## LETTER OPINION

November 1, 2005

Ronald L. Tobia
Jill Tobia Sorger
Tobia & Sorger Esqs., LLC
Kip's Castle
22 Crestmont Road
Montclair, New Jersey 07042
*Attorneys for Plaintiff*

Harry R. Blackburn
John E. Shields, Jr.
Harry R. Blackburn & Associates
208 Kings Highway South
Cherry Hill, New Jersey 08034
*Attorneys for Defendant*

   Re: Engineered Framing Sys., Inc. v. Vescom Structures, Inc.
     Civil Action No. 05-CV-1461 (WJM)

Dear Counsel:

  This matter comes before the Court on defendant Vescom Structures, Inc.'s ("Vescom's") motion to dismiss Counts Three, Four, Seven and Eight of plaintiff Engineered Framing Systems, Inc.'s ("EFS's") First Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  Plaintiff EFS filed an opposition to that motion, as well as a cross-motion seeking leave to amend its First Amended Complaint.  Vescom did not oppose EFS's motion to amend.  There was no oral argument.  Fed. R. Civ. P. 78.  For the reasons stated below, defendant's motion is **granted in part** and **denied in part** and plaintiff's cross-motion is **granted**.

## BACKGROUND

EFS is a subcontractor that performs carpenter and laborer construction work for developers on residential projects. In the past, EFS contracted with other companies to provide their joist systems in EFS's designs. Vescom, one of the companies EFS would contract with from time-to-time, distributes joist systems for use in residential apartment and condominium construction. Recently, EFS developed its own proprietary joist system for use in its designs. As a result, EFS now competes with Vescom for joint installation.

In 2004, Vescom obtained a judgment in its favor against EFS in the amount of $577,000. Afterwards, according to EFS, Vescom began making statements to EFS's customers that disparaged the quality of EFS's joist systems and suggested that EFS's customers would have to pay for the judgment via the attachment process.

On March 14, 2005, EFS filed a nine-count Complaint against Vescom, alleging various causes of action including slander (Counts One-Four), libel (Count Five), tortious interference with contractual relations (Count Six), tortious interference with prospective economic advantage (Count Seven), civil conspiracy (Count Eight), and RICO violations (Count Nine). Vescom filed a motion to dismiss all nine counts based on Rules 12(b)(1) and 12(b)(6). EFS opposed that motion and filed a cross-motion to amend Counts Six-Nine and its jurisdictional allegations. In response, Vescom filed a motion to strike EFS's cross-motion to amend. The matter was referred to Magistrate Judge Hedges. Ultimately, Judge Hedges denied Vescom's motions and granted EFS's cross-motion to amend because the complaint's deficiencies could be cured by amendment.

On July 26, 2005, EFS filed an eight count First Amended Complaint.[1] Vescom now seeks to dismiss Counts Three, Four, Seven and Eight of the First Amended Complaint pursuant to Rule 12(b)(6). As it did before, EFS opposed that motion and filed a cross-motion to amend, now seeking to add a ninth count for product disparagement.

## ANALYSIS

**A.     Standard of Review**

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. *Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. *Pension Benefit Guar. Corp. v. White Consol. Indus.*,

---

[1] It is worth noting that plaintiff chose not to include Count Nine of the original complaint, the RICO count, in the First Amended Complaint.

2

998 F.2d 1192, 1196 (3d Cir. 1993). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court may dismiss a complaint for failure to state a claim. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Zynn v. O'Donnell*, 688 F.2d 940, 941 (3d Cir. 1982).

A motion to amend a complaint is governed by Federal Rule of Civil Procedure 15(a). Rule 15(a) provides that after a responsive pleading has been served, a plaintiff may amend the complaint "only by leave of the court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). Leave is to be "freely given when justice so requires." *Id.* The touchstone regarding whether leave should be granted is "whether the non-moving party will be prejudiced if the amendment is allowed." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 488 (3d Cir. 1990). The policy favoring liberal amendment of pleadings, however, is not unbounded. *James v. Interstate Credit & Collection, Inc.,* No. 03-1037, 2005 WL 1806486, at *1 (E.D. Pa. July 29, 2005). Rather, "certain factors which weigh against amendment, including 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Id.* (quoting *Dole*, 921 F.2d at 487).

**B.    Counts Three and Four (Defamation) & Plaintiff's
Cross-Motion to Amend (Product Disparagement)**

Counts Three and Four allege that Vescom made an oral, defamatory statement to two of EFS's customers. Specifically, Vescom is alleged to have told those customers that "EFS' joist system was inferior and not engineeringly proper." (First Am. Compl. ¶¶ 26, 33). Vescom seeks to dismiss Counts Three and Four on the basis that they fail to state a cause of action for defamation. Vescom argues that the statement cannot constitute defamation because it concerns EFS's product, not its reputation, and as such is properly categorized as product disparagement. EFS responds that the statements are actionable under both defamation and product disparagement. As a result, EFS opposes dismissal of Counts Three and Four, and seeks to amend its complaint to add a count for product disparagement. The Court agrees with plaintiff and finds that the statement can support claims for defamation and product disparagement.

"As a general rule, a statement is defamatory if it is false, communicated to a third person, and tends to lower the subject's reputation in the estimation of the community or to deter third persons from associating with him." *Lynch v. New Jersey Educ. Ass'n*, 735 A.2d 1129, 1135 (N.J. 1999) (citing *Restatement (Second) of Torts* §§ 558, 559 (1977)).[2] As a cause of action, defamation "affords a remedy for damage to one's reputation." *Diary Stores, Inc. v. Sentinel Publishing Co.*, 516 A.2d 220, 224 (N.J. 1986). By contrast, product disparagement "consists of the publication of matter derogatory to the plaintiff's title to his property, or its quality, or to his business in general, or even to some element of his personal affairs, of a kind

---

[2]There is no dispute that New Jersey law governs this matter.

3

calculated to prevent others from dealing with him or otherwise to interfere with others to his disadvantage." *C.R. Bard, Inc. v. Wordtronics Corp.*, 561 A.2d 694, 696 (N.J. Super. Ct. Law Div. 1989). Unlike defamation, "[p]roduct disparagement protects injured plaintiffs, corporate or individual, by compensating them for pecuniary harm caused by false statements about their products." *Diary Stores*, 516 A.2d at 237 (Garibaldi, J., concurring).

Although defamation and product disparagement are separate causes of action that provide remedies for different types of injuries, a statement may be actionable under both theories. Concerning this very issue, the New Jersey Supreme Court has said that:

> The two causes may merge when a disparaging statement about a product reflects on the reputation of the business that made, distributed, or sold it. If, for example, a statement about the poor quality of a product implies that the seller is fraudulent, then the statement may be actionable under both theories.

*Diary Stores*, 516 A.2d at 224; *see also Mayflower Transit, LLC v. Prince*, 314 F. Supp. 2d 362, 377 (D.N.J. 2004) (stating that a statement may be actionable under both product disparagement and defamation). Justice Garibaldi, in her concurring opinion in *Diary Stores*, agreed that under the proper circumstances, a statement that disparages one's products may also be defamatory:

> "[D]efamation is found only where the imputation fairly implied is that the plaintiff is dishonest or lacking in integrity, or that he is deliberately perpetrating a fraud upon the public by selling a product which he knows to be defective." Thus, unless the disparaging statement explicitly imputes to the corporation fraud, deceit, dishonesty, or reprehensible conduct in relation to the product, courts will not deem a merely critical statement to be defamatory.

*Diary Stores*, 516 A.2d at 237-38 (Garibaldi, J., concurring) (internal citations omitted).

Consequently, the issue is whether the statement not only criticizes EFS's joist system, but casts a negative light on EFS's reputation as well. The Court finds that it does. The statement asserts that EFS's products are "not engineeringly proper." That assertion goes beyond criticizing EFS's products and implies that EFS was dishonest in selling joists that could not meet some undisclosed standard. Thus, the statement is susceptible to a defamatory interpretation and, therefore, Counts Three and Four will not be dismissed.

Moreover, as defendant acknowledges, the statement criticizes EFS's products. Thus, it comes as no surprise that EFS now seeks to amend its complaint to add a count for product disparagement. As stated above, the touchstone of determining whether to allow a motion to amend is whether the non-movant will be prejudiced. *See Dole*, 921 F.2d at 488. Here, it does

not appear that Vescom will be prejudiced if the Court permits EFS to amend its complaint. Vescom has had notice of the factual underpinnings of the new count because it relies on the same factual allegations set forth in Counts Three and Four, including the statement that EFS's products are inferior and not engineeringly proper. Further, there is no suggestion that EFS has moved to amend in bad faith or for a dilatory motive. Indeed, Vescom does not oppose EFS's motion. Accordingly, EFS will be granted leave to file a Second Amended Complaint that includes the additional count of product disparagement.

C.   **Count Seven (Tortious Interference with Prospective Economic Advantage)**

Vescom seeks to dismiss Count Seven for failure to state a claim. Specifically, Vescom argues that EFS has failed to plead a prospective economic advantage that EFS had a reasonable expectation of obtaining. EFS counters that it has adequately pleaded its tortious interference with prospective economic advantage claims in view of the lenient notice pleading standard required by Fed. R. Civ. P. 8.

To establish a claim for tortious interference with prospective economic advantage, a plaintiff must demonstrate: "(1) that plaintiff had a reasonable expectation of an economic benefit or advantage; (2) that defendant knew of plaintiff's expectancy; (3) that defendant wrongfully and intentionally interfered with this expectancy; (4) a reasonable probability that but for defendant's wrongful interference, plaintiff would have realized the economic benefit; and (5) that plaintiff was injured as a result of defendant's conduct." *Coast Cities Truck Sales, Inc. v. Navistar Int'l Transp. Corp.*, 912 F. Supp. 747, 771 (D.N.J. 1995) (citing *Printing Mart-Morristown v. Sharp Elecs. Corp.*, 563 A.2d 31 (N.J. 1989)). A reasonable expectation of an economic advantage cannot be predicated on a past business relationship. *See Printing Mart-Morristown*, 563 A.2d at 39 ("Printing Mart's nine-year business relationship would not in itself form the basis of a prospective economic relationship (that fact looks only to the past instances in which contracts were satisfactorily performed) . . . ."). Instead, plaintiff must allege specific prospective economic opportunities, e.g., prospective customers or contracts, that were interfered with by Vescom. *See Storis, Inc. v. Gers Retail Sys., Inc.*, No. 99-4400, 1995 WL 337100, at *5 (D.N.J. May 31, 1995); *Lucas Indus., Inc. v. Kendiesel, Inc.*, No. 93-4480, 1995 WL 350050, at *9 (D.N.J. June 9, 1995).

Here, Count Seven alleges that EFS interfered with five different prospective business opportunities by making defamatory statements about it and its products. Two of these business opportunities are sufficiently pleaded to withstand Vescom's motion to dismiss. With regard to the first opportunity, EFS asserts that it had an ongoing business relationship with Century 21 Construction ("Century 21") and Sharp Management ("Sharp") in connection with the Raritan Town Center Project. (First Am. Compl. ¶ 57). EFS was given a letter of intent to work on that project, but as a result of Vescom's defamatory statements, Century 21 and Sharp terminated the relationship and plaintiff lost the project. (*Id.* at ¶¶ 26, 62(e)). With regard to the second opportunity, which involved Century 21, plaintiff asserts that as a result of Vescom's defamatory statements, Century 21 removed it "from consideration as a designer of a project known as the

Tenafly project, thereby forcing Plaintiff EFS to bid for Century 21's work with its own design." (*Id.* at ¶ 62).  Ultimately, plaintiff was not awarded the project. (*Id.* at ¶ 33).  In those two situations, plaintiff's previous business relationship with Century 21 and Sharp, combined with the letter of intent or pending bid to work on particular projects, provided plaintiff with protectable economic advantages.  *See Printing Mart-Morristown*, 563 A.2d at 39 ("Once Printing Mart received an invitation to bid, its pursuit of the printing contract was entitled to protection from unjustifiable interference.").  As such, plaintiff has sufficiently pleaded that Vescom has interfered with prospective contracts for purposes of stating a claim for tortious interference with economic advantage.  Thus, Count Seven will not be dismissed in its entirety.

However, as for the other three business opportunities, Vescom is correct that they fail to state a claim.  For each of those opportunities, EFS merely asserts that because of Vescom's defamatory statements, "Plaintiff EFS' future prospective economic relations [with certain companies] will be significantly disrupted."  (First Am. Compl. ¶¶ 62(b), (c), (d)).  EFS, however, fails to identify any specific prospective economic advantage that was disrupted.  Put differently, EFS presumes that yet to be identified advantages will be interfered with at some future point in time.  That allegation is insufficient under the law.  *See Storis, Inc.*, 1995 WL 337100, at *5 (dismissing tortious interference claim for failure to plead a specific prospective economic advantage that was lost as a result of the defendant's actions).  Accordingly, plaintiff's claims of tortious interference with prospective economic advantage concerning BNE Associates, LLC, Thirteenth Street Development, LLC, Jewel Contracting Co., March, Associates, Inc., and Jerald Development Group are dismissed for failure to state a claim.

**D.**     **Count Eight (Attempted Civil Conspiracy)**

Count Eight asserts that Vescom attempted to engage in a civil conspiracy with EFS by requesting that EFS file a false affidavit.  Vescom moves to dismiss Count Eight on the basis that there is no cause of action for attempted civil conspiracy and EFS fails to state a cause of action for civil conspiracy.  EFS argues, without any support, that attempted civil conspiracy, or "solicitation" as EFS now refers to it, is an independent cause of action.  (*See* Pl.'s Opp'n Br. at 7).  The Court agrees with defendant and finds that there is no right of action for attempted civil conspiracy.

To establish a cause of action for civil conspiracy in New Jersey, a plaintiff must show "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage."  *Morgan v. Union County Bd. of Chosen Freeholders*, 633 A.2d 985, 998 (N.J. Super. Ct. App. Div. 1993), *certif. denied*, 640 A.2d 850 (N.J. 1994).  Significantly, the "gist of the claim is not the unlawful agreement, 'but the underlying wrong which absent the conspiracy, would give a right of action."  *Id.* (quoting *Board of Educ. v. Hoek*, 138 A.2d 633 (N.J. 1962)).

Here, however, there is no dispute that there was no conspiracy. As Count Eight alleges, Vescom solicited EFS's participation in a conspiracy. It asked EFS "to file a false Affidavit alleging that Defendant Vescom is owed $40,000.00 on the Roseland Properties. . . ." (First Am. Compl. ¶ 62). But EFS refused to file such an affidavit. As a result, the parties never entered into an agreement that could give rise to a conspiracy. Thus, Count Eight asserts only that Vescom is liable for attempted civil conspiracy.

The Court, however, is not aware of and has been unable to locate a cause of action for attempted civil conspiracy. Moreover, plaintiff has failed to identify the basis for its assertion that such a cause of action exists. Indeed, it appears unlikely that the New Jersey Supreme Court would recognize such a cause of action. If, as the New Jersey Supreme Court has stated, the "gist" of a civil conspiracy is the "underlying wrong,"[3] what is the basis for recognizing a cause of action based on an attempted civil conspiracy? In an attempted conspiracy, as alleged by plaintiff, there is no underlying wrong resulting from a combination of two or more persons acting pursuant to an agreement to injure another. Instead, plaintiff's cause of action rests solely on the allegation that Vescom solicited its participation in a fraudulent scheme. (*See* Pl.'s Opp'n Br. at 7 ("Accordingly, the allegations, if proven, would demonstrate Vescom's improper solicitation of EFS to engage in [a conspiracy].")). This by itself does not appear to be sufficient because plaintiff can attribute no injury to the solicitation. Rather, any injury allegedly suffered by plaintiff was the result of Vescom's independent and unilateral actions. (*See* First Am. Compl. ¶ 63 ("Since Plaintiff EFS and its president John Hildreth have not signed said Affidavit, Defendant Vescom has gone to Plaintiff EFS' customers attempting to have said customers stop doing business with Plaintiff EFS by means of slander, liable, defamation and tortious interference as set forth above in the Amended Complaint.")). Accordingly, Count Eight fails to state a cognizable cause of action and, therefore, is dismissed.

## Conclusion

For the reasons stated above, Vescom's motion to dismiss is granted in part and denied in part. As to Counts Three and Four, the motion is denied. In Count Seven, the tortious interference with prospective economic advantage claims concerning BNE Associates, LLC, Thirteenth Street Development, LLC, Jewel Contracting Co., March, Associates, Inc., and Jerald Development Group are dismissed; otherwise, as to Count Seven, the motion is denied. Further, Count Eight, which attempts to state a claim for attempted civil conspiracy, is dismissed. Moreover, EFS's cross-motion to amend the complaint to add a product disparagement count is granted.

s/ William J. Martini  
**William J. Martini, U.S.D.J.**

---

[3] *See Banco Popular North Am. v. Gandi*, 876 A.2d 253, 263 (N.J. 2005).